NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**WPEM, LLC,**
*Plaintiff-Appellant*

**v.**

**SOTI INC.,**
*Defendant-Appellee*

———————————————

2020-1483

———————————————

Appeal from the United States District Court for the Eastern District of Texas in No. 2:18-cv-00156-JRG, Chief Judge J. Rodney Gilstrap.

———————————————

Decided:  December 9, 2020

———————————————

WILLIAM PETERSON RAMEY, III, Ramey & Schwaller, LLP, Houston, TX, for plaintiff-appellant.

ROBERT L. GREESON, Norton Rose Fulbright US LLP, Dallas, TX, for defendant-appellee.  Also represented by STEPHANIE DEBROW, Austin, TX; ERIK OWEN JANITENS, Houston, TX.

———————————————

Before PROST, *Chief Judge*, MAYER and MOORE, *Circuit Judges*.

PROST, *Chief Judge*.

WPEM, LLC ("WPEM") appeals a decision by the United States District Court for the Eastern District of Texas granting SOTI Inc.'s ("SOTI") motion to recover attorneys' fees. *See WPEM, LLC v. SOTI Inc.*, No. 2:18-cv-00156, 2020 WL 555545 (E.D. Tex. Feb. 4, 2020) ("*Decision*"). For the reasons below, we affirm.

I

WPEM sued SOTI for infringing U.S. Patent No. 9,148,762 ("the '762 patent"). WPEM based its infringement allegations on the user manual for version 11 of SOTI's MobiControl Speed Lockdown ("the Accused Technology"). *See* J.A. 54–78. Among other arguments, SOTI responded that the user manual for version 10 of the Accused Technology—which included the same accused features—predated the '762 patent. *See Decision*, 2020 WL 555545, at *1. That is, that the Accused Technology was itself prior art. *Id.*

Shortly thereafter, WPEM's counsel made several settlement requests to SOTI—all of which SOTI declined. After failing to obtain any sort of license fee for the '762 patent, WPEM unilaterally moved to dismiss its claims against SOTI. WPEM's motion also requested that each party bear its own costs and fees. SOTI agreed that the case should be dismissed but filed a motion for attorneys' fees.

The court agreed to dismiss the case and then turned to SOTI's motion for attorneys' fees. First, it determined that WPEM's infringement claims "were frivolous in light of the fact that the Accused Technology is in fact prior art." *Id.* at *4. Next, it found that WPEM had failed to conduct an adequate pre-suit investigation. Upon completing its analysis of the facts and comparing the case to other

patent-infringement actions, the court granted SOTI's motion.

WPEM timely appealed the district court's award of attorneys' fees. We have jurisdiction under 28 U.S.C. § 1295(a)(1). *See Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1305 (Fed. Cir. 2017).

## II

In exceptional cases, a district court may award reasonable attorneys' fees to the prevailing party. 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). We review a district court's determination that a case is exceptional for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). To meet the abuse-of-discretion standard, the appellant "must show that the district court has made a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings." *Bayer CropScience*, 851 F.3d at 1302 (internal quotation marks omitted).

WPEM contends that the district court abused its discretion by granting SOTI's motion for attorneys' fees. In particular, WPEM argues that the court's analysis failed to account for the presumptions of patent validity and enforceability and that, had the court properly analyzed the facts, it would have found WPEM's conduct to be reasonable—not exceptional. WPEM further contends that a "patent plaintiff, absent reason to question validity or enforceability, should be able to rely on the presumption of validity afforded . . . without performing a separate validity or enforceability analysis." Appellant's Br. 18–19. Based on our review of the court's decision and the record

before us, we hold that the court did not abuse its discretion in awarding SOTI its reasonable attorneys' fees.

Contrary to WPEM's assertion, we do not read the district court's opinion as failing to account for the presumptions of validity and enforceability. Instead, the court based its award of attorneys' fees, in part, on the frivolous nature of WPEM's infringement position (i.e., the substantive strength of WPEM's litigation position)—an issue that could have easily been foreseen with an adequate pre-suit investigation (i.e., the unreasonable manner in which the case was litigated). *See Decision*, 2020 WL 555545, at *4. As the court reasoned, because the Accused Technology is prior art to the '762 patent, "if WPEM prevailed on its assertion that the Accused Technology is covered by the Asserted Patent, it would have had the effect of invalidating, rather than infringing, the Asserted Patent." *Id.* Because it is undisputed that the Accused Technology is prior art to the '762 patent, *see id.*, WPEM could not bring a successful infringement suit.

In arguing that its conduct was reasonable, WPEM contends that it had no reason to consider prior versions of the Accused Technology.[1] In finding otherwise, however, the court determined that a reasonable plaintiff conducting a minimally diligent infringement analysis would have become aware of version 10 after reviewing the version 11 manual. *Id.* at *6. As support, the court noted that the language in the version 11 manual "provide[d] a clear indication that there are other versions of the Accused Technology." *Id.* ("A page of the [version 11] user manual contains a large red box titled 'IMPORTANT: - PLEASE

---

[1] To be clear, WPEM does not dispute that the accused functionality was present in version 10, or that version 10 predated the '762 patent. It instead argues that it had no reason to suspect that the prior version of the software might also overlap with its claims.

READ BEFORE UPGRADE' and directs readers to a URL link 'for important notes for the latest version of [the Accused Technology].'"). As the court found, such knowledge would have tipped off a reasonable plaintiff to evaluate whether the product accused of infringement predates, and therefore potentially anticipates, the asserted patent claims. *Id.* at *6. Accordingly, based on the record before us, we conclude that the district court did not abuse its discretion in determining that this case was exceptional.

## III

We have considered WPEM's remaining arguments and find them unpersuasive. We therefore affirm the district court's judgment.

**AFFIRMED**